# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

CHARLES HERTZ, TODD WIECK, JIM
CUNNINGHAM, ESTATE OF DAVID
FOX, MICHAEL A. TADLOCK, SCOTT
LANAGAN, REBECCA LEGORE-POST,
and all other similarly
situated employees,

       Plaintiffs,

vs.

WOODBURY COUNTY, IOWA,

       Defendant.

CASE NO.: 06 CV 4083

ORDER

---

## TABLE OF CONTENTS

I.    INTRODUCTION AND BACKGROUND ......................... 2
    A.  Procedural Background ........................... 2
    B.  Factual Background .............................. 3
        1.  Commute time ............................... 3
        2.  Meal time .................................. 4
        3.  "Other" overtime ........................... 6

II.   LEGAL STANDARDS .................................... 6

III.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ............ 8
    A.  Legal Analysis ................................. 9
        1.  Woodbury County's failure to compensate
            Hertz and Cunningham for "on-duty" time ... 10
        2.  Woodbury County's failure to compensate
            Wieck, Fox, Cunningham, Tadlock, Lanagan,
            and Legore-Post for working during their
            lunch break ............................... 13
        3.  Woodbury County failed to compensate Wieck,
            Cunningham, Tadlock, and Lanagan for "other
            overtime" ................................. 15
        4.  De Minimus claims ......................... 18
        5.  Statute of limitations .................... 20
        6.  Damages ................................... 21

IV.   CONCLUSION ......................................... 21

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On March 27, 2007, plaintiffs Charles Hertz, Todd Wieck, Jim Cunningham, Dave Fox, Michael Tadlock, Scott Lanagan, and Rebecca Legore-Post ("Plaintiffs") filed a first amended and substituted complaint against Woodbury County, Iowa ("Woodbury County" or "Defendant").  This case was originally filed on August 28, 2006, in the District Court of Iowa for Woodbury County, and removed to the United States District Court for the Northern District of Iowa on October 4, 2006.

This lawsuit is centered on plaintiffs' allegation of violations of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA"). Specifically, plaintiffs allege that Woodbury County failed to pay overtime as required by the FLSA. Woodbury County filed an answer on March 29, 2007; which generally denies these claims and alleges the affirmative defenses of good faith, statute of limitations, and that plaintiffs' claims are barred by specific provisions of the FLSA.

Plaintiffs have moved for summary judgment on all claims. Plaintiffs argue that they are entitled judgment as a matter

of law on all claims as each performed employment duties and were not compensated. Plaintiffs specifically contend that they were "working" during their commute to and from work, during their lunch break, and/or before and after work without receiving compensation.

A hearing was held on this motion, and both sides were allowed to file supplemental briefs after the hearing. After careful consideration of all the pleadings in the case, the Court finds as follows.

## B. Factual Background

The summary judgment record reveals the following facts are undisputed. Plaintiffs Hertz, Wieck, Cunningham, Fox, Tadlock, Lanagan, and Post were, or are, still presently employed by the Woodbury County Sheriff's Department. Plaintiffs allege they were not compensated for work they performed during three general categories.

### 1. Commute time

First, plaintiffs Hertz and Cunningham seek compensation for unpaid commute time.

Plaintiff Hertz is a Lieutenant with the Woodbury County Sheriff's Department with supervision of patrol,

investigations, SWAT and K-9 units.  His work hours are from 7:00 a.m. until 3:30 p.m.  Plaintiff Cunningham is a Sergeant with the Woodbury County Sheriff's Department in charge of investigations and crime prevention, and his work hours are from 8:00 a.m. until 4:30 p.m.

The record reveals Hertz and Cunningham commute to and from work in "marked" Woodbury County Sheriff's Department patrol cars.  Woodbury County has these officers drive these patrol cars for three reasons:  to increase police presence; to reduce response time; and to engage in law and traffic enforcement while commuting to and from the office.  Each patrol car is equipped with a police radio.

Officers Hertz and Cunningham both report (via radio) "10-41" when they enter their patrol cars for the morning commute to the office, and "10-42" when they exit their patrol cars after commuting home.  "10-41" means the officers are "on-duty" and "10-42" means the officers are "off-duty."  This information is communicated to the Woodbury County Communications Center.

**2.  Meal time**

Second, plaintiffs Wieck, Fox, Cunningham, Tadlock,

Lanagan, and Legore-Post seek compensation for having worked during their lunch breaks. Plaintiff Wieck is a Sergeant in charge of patrol shift number one with the current assigned work schedule from 6 a.m. until 2 p.m. Plaintiff Fox was a Deputy Sheriff assigned to the patrol department with a 6 a.m. to 2 p.m. work schedule. Plaintiff Fox was employed by Woodbury County at the time of his death, on December 6, 2007. Plaintiff Tadlock was a Sergeant in charge of crime prevention before he retired on June 30, 2004. Before he retired, his work hours were from 8:00 a.m. until 4:30 p.m. Plaintiff Lanagan is a Senior Crime Scene Analyst and a Deputy Sheriff. His hours are from 7 a.m. until 3:30 p.m. during the fall, winter, and spring; and from 8 a.m. until 4:30 p.m. during the summer months. Plaintiff Legore-Post is responsible for transporting inmates and court security and was scheduled to work from 8 a.m. until 4:30 p.m. Plaintiff Post retired from Woodbury County in February of 2006.

Woodbury County provided plaintiffs with a 30 minute meal break during which plaintiffs periodically received phone calls. Plaintiffs remain on-call during their meal time and may be approached by members of the general public asking

questions.

### 3. "Other" overtime

Third, plaintiffs Wieck, Cunningham, Tadlock, and Lanagan seek compensation for "other overtime" worked.

## II. LEGAL STANDARDS

The standard for granting summary judgment is well established. A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the Court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Montgomery v. John Deere & Co.</u>, 169 F.3d 556, 559 (8th Cir. 1999). A fact is material if it might affect the outcome of the suit under the governing substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). An issue of material fact is genuine "if it has a real basis in the record." <u>Hartnagel v. Norman</u>, 953 F.2d 394, 395 (8th Cir.1992) (<u>citing</u> <u>Matsushita</u>, 475 U.S. at 586-87).

The party moving for summary judgment bears the "initial

responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show lack of genuine issue." Celotex, 477 U.S. at 323. Once the moving party has carried its burden, the opponent must go beyond the pleadings and designate specific facts-by such methods as affidavits, depositions, answers to interrogatories, and admissions on file-that show there is a genuine issue for trial. See FED. R. CIV. P. 56(e); Celotex, 477 U.S. at 324. The evidence of the nonmoving party is to be considered as true, and justifiable inferences arising from the evidence are to be drawn in his or her favor. Anderson, 477 U.S. at 255. If the evidence of the nonmoving party is "merely colorable," or is "not significantly probative," summary judgment may be granted. Id. at 249-50. Thus, although the nonmoving party does not have to provide direct proof that genuine issues of fact exist for trial, the facts and circumstances that the nonmoving party relies upon must "attain the dignity of substantial evidence and must not be such as merely to create a suspicion." Metge v. Baehler, 762 F.2d 621, 625 (8th Cir. 1985). In essence, the evidence must be "such that a reasonable jury could find a verdict for the

nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

As employment actions are inherently fact based, the Eighth Circuit has repeatedly cautioned that summary judgment should ''seldom be granted ... unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party.'' <u>Hindman v. Transkrit Corp.</u>, 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted).

Nevertheless, the plain language of Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); <u>see also</u> <u>Snow v. Ridgeview Med. Ctr.</u>, 128 F.3d 1201, 1205 (8th Cir. 1997) (<u>citing</u> <u>Bialas v. Greyhound Lines, Inc.</u>, 59 F.3d 759, 762 (8th Cir. 1995)).

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs' motion for summary judgment address all three claims, as well as damages. First, plaintiffs state that

Woodbury County failed to compensate Hertz and Cunningham for "on-duty" time as required by FLSA; second, that Woodbury County failed to compensate Wieck, Fox, Cunningham, Tadlock, Lanagan, and Legore-Post for working during their lunch break; and third, that Woodbury County failed to compensate Wieck, Cunningham, Tadlock, and Lanagan for "other overtime" worked. Finally, plaintiffs argue that Woodbury County is liable for unpaid overtime, liquidated damages, application of a three year statute of limitations, and attorney fees.

## A. Legal Analysis

As the FLSA requires, "no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment...at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The purpose of the FLSA was to guarantee "compensation for all work or employment engaged in by employees covered by the Act." Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 602, 64 S. Ct. 698, 705, 88 L. Ed. 949 (1944). However, under the FLSA "[e]mployees are entitled to compensation only for 'work'." Reich v. New York City Trans.

Auth., 45 F.3d 646, 651 (2d Cir. 1995). In 1944, the Supreme Court defined the term "work" as an activity involving "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Tennessee Coal, 321 U.S. at 598, 64 S. Ct. at 703. Consequently, an activity constitutes "work," and is compensable under the FLSA, if it involves "physical or mental exertion (whether burdensome or not)," or the loss of an employee's time, that is "controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Reich, 45 F.3d at 651 (quoting Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 64 S. Ct. 698, 88 L. Ed. 949 (1944)).

**1. Woodbury County's failure to compensate Hertz and Cunningham for "on-duty" time**

As stated, "an employee's time is 'work' for the purposes of the FLSA if it is spent 'predominantly for the benefit of the employer.'" Reimer v. Champion Healthcare Corp., 258 F.3d 720, 725 (8th Cir. 2001). Under the Portal-to-Portal Act, "walking, riding, or traveling to and from the actual place of

10

performance of the principal activity or activities which such employee is employed to perform" and "activities which are preliminary to or postliminary to said principal activity or activities" are not compensable under the FLSA. 29 U.S.C. § 254(a). General travel to and from work travel is not compensable. 29 C.F.R. § 553.221(e). Important to the case at hand, the regulation further provides:

> A police officer, who has completed his or her tour of duty and who is given a patrol car to drive home and use on personal business, is not working during the travel time even where the radio must be left on so that the officer can respond to emergency calls. Of course, the time spent in responding to such calls is compensable. Id. § 553.221(f).

There are two exceptions to the general rule that drive time is non-compensable. Rapier v. State, 688 N.W.2d 29, 45 (Iowa 2004). The first exception is when there is a custom or practice between the employer and employee to compensate the employee for his or her drive time. 29 U.S.C. § 254(b)(2). The second exception is when the activities are an integral and indispensable part of the employment. 29 U.S.C. § 254(b).

To support their claim, plaintiffs claim that their commute time is an integral and indispensable part of their

11

employment.  Plaintiffs assert that they are required to drive County owned vehicles, required to report "10-41" ("on-duty") when they enter the vehicle each morning and "10-42" ("off-duty") when they exit the vehicle each afternoon, and are available to respond to calls while commuting to and from the office.  Plaintiffs also claim that Woodbury County receives a benefit because of the officers increased police presence, reduced response time, and their being engaged in law and traffic enforcement.  However, Hertz points to only one instance where he removed debris from the roadway during his commute to work.  Woodbury County disputes that plaintiffs were performing any work that is an integral and indispensable part of their employment because plaintiffs are only commuting and did not demonstrate that they are performing any work.  For example, Woodbury County points out that Officer Hertz stops at Starbucks each morning for a coffee, and frequently does not arrive at the office until after 7:00 a.m.  Woodbury County also claims that neither officer pulled over any vehicles for traffic violations, investigated any suspicious vehicles, or responded to any other calls during the entire time.

Plaintiffs also claim that there is a custom or practice to compensate officers for travel time. First, plaintiffs point out that Woodbury County was paying Officer Cunningham for travel time; however, they did not pay him for the three month period he claims in this suit. Second, plaintiffs assert that Woodbury County pays other officers, specifically Deputies Garthwright and Fundermann, and Lieutenant Carlson, for their travel time. Woodbury County disagrees that there is a custom or practice to compensate for drive time, instead, arguing that these deputies are not comparable to Hertz and Cunningham because these deputies are not required to be at the office for designated times.

**2. Woodbury County's failure to compensate Wieck, Fox, Cunningham, Tadlock, Lanagan, and Legore-Post for working during their lunch break**

The Eighth Circuit has concluded "that the predominantly-for-the-benefit-of-the-employer standard provides the appropriate test for determining the compensability of meal periods under the FLSA. Henson v. Pulaski County Sheriff Dept., 6 F.3d 531, 534 (8th Cir. 1993). "[T]his standard comports with the Supreme Court's admonition to use a

practical, realistic approach under the unique circumstances of each case when deciding whether certain activities constitute compensable work." Henson, 6 F.3d at 534. In Henson, the Eighth Circuit specifically rejected the Wage and Hour Divisions "completely-relieved-from-duty" standard as set out in 29 C.F.R. §785.19. Id. at 534-35.

Here, plaintiffs claim that their lunches were spent predominately for the benefit of the employer because they were available for, and constantly received, phone calls of which official business was discussed, and law enforcement activities were performed. Furthermore, plaintiffs assert they monitored their radios and were available to respond to emergencies, and at times had to eat their lunch at the station for security reasons. Defendant responds that plaintiffs' claims of constant interruptions are greatly exaggerated. First, based on the phone call records, the calls on plaintiffs' cell phones were infrequent and were not business calls. Also, defendant counters these other interruptions were short and infrequent, not making the lunch break predominately for the benefit of Woodbury County.

The Court, therefore, concludes that there is a genuine

issue of material fact that a jury should resolve as to whether the time spent during the meal break predominately benefits the deputies or Woodbury County.

**3.    Woodbury County failed to compensate Wieck, Cunningham, Tadlock, and Lanagan for "other overtime"**

Under the FLSA, an employer has the authority to limit the number of hours an employee can work. See <u>Christensen v. Harris County</u>, 529 U.S. 576, 585, 120 S. Ct. 1655, 1662, 146 L. Ed. 2d 621, 630 (2000). If an employer promulgates a rule limiting the number of hours an employee can work, the employer cannot knowingly accept the benefits of the extra hours worked without including the extra hours in the employee's total hours for the purpose of computing overtime compensation. <u>Mumbower v. H.R. Callicott</u>, 526 F.2d 1183, 1188 (8th Cir. 1975). Additionally, if the employer "knows or has reason to believe" an employee is continuing to work overtime and the duties being performed are an integral and indispensable part of the employee's principal work activity, the employee must be compensated for those overtime hours. <u>Mumbower</u>, 526 at 1188. It is not relevant that the employer did not ask the employee to do the work. <u>Allen v. Board of</u>

15

Public Education for Bibb County, 495 F.3d 1306, 1314 (11th Cir. 2007). The reason that the employer performed the work is also not relevant. Allen, 495 F.3d at 1314.

In order to prevail on their claim, plaintiffs must prove that they were permitted to or suffered work without compensation. 29 U.S.C. § 201 et seq. Courts have interpreted this to mean that plaintiffs must prove: (1) he or she worked overtime without compensation and (2) Woodbury County knew or should have known of the overtime work. See Reich v. Stewart, 121 F.3d 400, 406-407 (8th Cir. 1997)(citing Reich v. Dept. of Conservation and Nat. Res., 28 F.3d 1976, 1082 (11th Cir. 1994)(citing 29 C.F.R. §785.11).

If an employee does not notify an employer or purposely prevents an employer from acquiring knowledge of the employee's overtime work, the employer's failure to pay overtime is not a violation of the FLSA. Forrester v. Roths's I.G.A. Foodliner, Inc., 646 F.2d 413, 414-15 (9th Cir. 1981). Thus, if an employer has actual or constructive knowledge the employee was working overtime, the employer must compensate the employee for overtime under the FLSA. Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986). However, access to

16

records indicating certain persons were working overtime does not constitute constructive knowledge that persons were working overtime. <u>Newton v. City of Henderson</u>, 47 F.3d 746, 749 (5th Cir. 1995).

Plaintiffs claim they are entitled summary judgment because Woodbury County knew that plaintiffs were performing work and failed to compensate them accordingly. Plaintiffs claim that Woodbury County knew plaintiffs were performing work because Woodbury County had access to their on-duty records.

Defendant responds by claiming that plaintiffs are not entitled compensation for this "other overtime" worked. First, defendant disputes the amount of time plaintiffs were actually performing work, and also whether Woodbury County had knowledge of this alleged overtime work. Defendant asserts that Woodbury County had no knowledge of this overtime because plaintiffs failed to bring it to their supervisor's attention, never submitted an overtime claim, and first brought up this issue of unpaid overtime in the context of this lawsuit.

Woodbury County argues that it had no knowledge that plaintiffs were engaged in other overtime work that might be

compensable under the FLSA. Furthermore, Woodbury County asserts that it exercised subjective and objective good faith when it directed plaintiffs to submit requests for overtime and relied on these submissions. In light of the apparent factual dispute as to defendant's knowledge and duty to inquire, the issue of whether Woodbury County permitted plaintiffs' other overtime work is a factual matter appropriately left for trial.

**4. De Minimus claims**

Woodbury County contends that any "work" performed by the plaintiffs is de minimis and as such not compensable under the FLSA. The de minimis doctrine holds that, when the amount of theoretically compensable work is so negligible as to be de minimis, it is not compensable. <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 692, 66 S. Ct. 1187, 1194 90 L. Ed. 1515 (1946)("When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded."). In order to determine whether otherwise compensable time is de minimis, courts consider: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of

compensable time; and (3) the regularity of the additional work." Lindow v. U.S., 738 F.2d 1057, 1062 (9th Cir. 1984).

Woodbury County claims that all of plaintiffs' claims are defeated by the de minimis doctrine as all the interruptions were minimal in length, there was no regularity to the interruptions, and they are administratively difficult to record. Woodbury County alleges that the interruptions claimed by the plaintiffs are sporadic, rather than a regular and repeating event. The evidence before the Court is that plaintiffs did receive phone calls and were interrupted during lunch hours and on their commutes for work-related business. However, the length and frequency of these interruptions remains a factual issue.

Thus, defendant's challenge to the motion for summary judgment raises a factual issue with regard to the amount of time spent by plaintiffs performing "work" during their commutes to and from work, during their meal times, and performing "other overtime." The actual amounts of time spent by plaintiffs on such activities, and whether that time is substantial or negligible such as to be deemed de minimis, is a factual issue for resolution at trial.

## 5. **Statute of limitations**

Under 29 U.S.C. § 255(a), a cause of action under the FLSA ordinarily must "be commenced within two years after the cause of action accrued." Furthermore, "a cause of action under the [FLSA] for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b). However, the statute of limitations is extended to three years where the cause of action arises "out of a willful violation" of the Act. 29 U.S.C. § 255(a). To establish a "willful violation" of the FLSA, the employee must prove "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988), Jarrett v. ERC Properties, Inc., 211 F.3d 1078, 1982 (8th Cir. 2000).

Here, plaintiffs seek a ruling that defendant is liable for a "third year" in connection with the overtime they performed. Specifically, plaintiffs assert that Woodbury

County knew it should pay overtime compensation to officers who performed more than 40 hours of work a week. Plaintiffs also claim that Woodbury County "allowed" plaintiffs to work before and after their scheduled shifts. In response, Woodbury County states that it was never advised of either the nature or scope of the alleged overtime at issue here as these officers did not request any overtime pay or discuss the merits of their overtime claims with their superiors. Furthermore, there is nothing in the record that Woodbury County refused to pay overtime in accordance with its FLSA requirements.

Accordingly, the Court finds that there is a genuine issue of material fact as to whether defendant willfully violated the FLSA, and thus, whether a two or three year statute of limitations applies in this case.

### 6. Damages

In light of the Court's previous rulings, any discussion of damages is premature at this stage and is therefore reserved for trial.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby orders that

plaintiffs' motion for summary judgment, Docket No. 39, is

**denied**.

    **IT IS SO ORDERED** this 16th day of May, 2008.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa